1  ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
   TRUEBLOOD LAW FIRM
2  10940 Wilshire Boulevard, Suite 1600
   Los Angeles, California 90024
3  Telephone: (310) 443-4139
   Facsimile: (310) 943-2255
4
5  Attorneys for Plaintiff
   GEORGE W. BAKER

6
7
8             UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10
11 GEORGE W. BAKER,                )  Case No: 2:17-CV-2019
                                   )
12        Plaintiff,                )
                                   )  **COMPLAINT FOR:**
13                                 )
                                   )  **(1) VIOLATIONS OF THE FAIR
14     vs.                         )  DEBT COLLECTION PRACTICES
                                   )  ACT**
15 RICHARD JAMES ROMERO dba        )
   RECOVERY MANAGEMENT, U.S.       )  **(2) VIOLATIONS OF THE
16 BANK, N.A., and DOES 1 through 10, )  ROSENTHAL FAIR DEBT
   inclusive,                      )  COLLECTION PRACTICES ACT**
17                                 )
                                   )  **(3) CONVERSION**
18                                 )
        Defendants.                )  **(4) VIOLATIONS OF THE
19                                 )  COLLATERAL RECOVERY ACT**
                                   )
20                                 )  **(5) VIOLATIONS OF THE REES-
                                   )  LEVERING ACT**
21                                 )
                                   )  **(6) VIOLATIONS OF THE UCC**
22                                 )
                                   )  **(7) DECLARATORY RELIEF**
23                                 )
24
25
26
27
28

Plaintiff George W. Baker hereby complains against defendants Richard James Romero dba Recovery Management ("Recovery Management"), U.S. Bank, N.A. ("US Bank"), and Does 1-10, and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Plaintiff purchased an automobile on credit in California, primarily for personal or family use, and signed a retail installment sales contract with the car dealership, which gave the dealership a security interest in the vehicle. Defendant US Bank took assignment of the retail installment sales contract from the dealership. Then US Bank, either directly or through a third party repossession forwarder, hired defendant Recovery Management to conduct a repossession of plaintiff's vehicle.

2. On or about October 25, 2016, at around 8 p.m. at night, defendant Recovery Management arrived at the closed and locked gate to plaintiff's private community. Defendants breached the locked gate and entered, without anyone's permission. Accordingly, defendants breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

3. One of Recovery Management's employees then came to plaintiff's door, and began pounding on it forcefully, making a loud racket. Plaintiff opened the door and the repo man handed him a flyer. He told plaintiff he had to surrender the vehicle "right now." The repo man demanded the location of the vehicle. With a total stranger suddenly demanding his car, plaintiff was reluctant to cooperate, but agreed to open his garage when the repo man said that his company would not charge anything for the repossession. This was a false statement, since Recovery Management did indeed charge for the repossession. The repo man entered plaintiff's garage, and drove away in the vehicle.

4. Plaintiff is informed and believes that Recovery Management's

1

employee who came to the door was not licensed as a repossession agency, nor registered with the Bureau of Security and Investigative Services as a repossession employee of Recovery Management. His locating and repossession of plaintiff's vehicle were therefore unlawful.

5. The flyer which Recovery Management's repo man handed plaintiff stated "Please contact us at (562) 278-8787 regarding a pending investigation," and provided a "Case number." The flyer contained the initials "RM" but did not disclose the true name of Recovery Management.

6. After the repossession, Recovery Management failed to send certain required notices to plaintiff. In violation of the Collateral Recovery Act, Bus. & Prof. Code §§ 7507.9 and 7507.10, Recovery Management failed to notify plaintiff in writing of the seizure of the vehicle within 48 hours, and failed to mail him a written inventory of any personal items it had seized.

7. Plaintiff's contract is governed by the Rees-Levering Automobile Sales Finance Act, which affords consumers a right to reinstate their contracts after repossession, by paying the past due amounts. The Rees-Levering Act requires the holder of a regulated contract to mail a post-repossession notice granting the consumer the right to reinstate the contract and the amount required to reinstate. US Bank failed for several weeks to issue plaintiff a post-repossession notice, though plaintiff requested it several times.

8. After several weeks, US Bank finally mailed plaintiff a post-repossession notice. The envelope contained a Minneapolis postmark of November 17, 2016, and stated "We will sell the vehicle at private sale sometime after November 16, 2016" and also that plaintiff had to reinstate or redeem by November 16, 2016. This notice was defective under the Rees-Levering Act because it failed to give plaintiff adequate statutory notice of his right to reinstate the contract. The Rees-Levering Act requires that a post-repossession notice mailed from outside California must provide at least a 20 day reinstatement and redemption period, from

the date of mailing. US Bank provided zero days to reinstate or redeem, rather than the required 20 days.

9. US Bank's post-repossession notice also charged plaintiff $425 for the repossession fees of defendant Recovery Management.

10. Plaintiff is informed and believes that US Bank has sold his vehicle, and assessed him a deficiency balance. Plaintiff does not owe this deficiency balance by operation of the anti-deficiency provisions of the Rees-Levering Act and the UCC, due to US Bank's post-repossession notice violations.

## JURISDICTION AND VENUE

11. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

## PARTIES

13. Plaintiff George W. Baker is a natural person over the age of 18 years and is a resident of the state of California, county of Los Angeles.

14. Defendant Richard James Romero is a natural person over the age of 18 years, and does business under the fictitious business name of Recovery Management. Plaintiff is informed and believes that Romero is a resident of California, county of Los Angeles.

15. Defendant U.S. Bank, N.A. is a national bank doing business in Los Angeles, California.

16. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges

3

that each of the fictiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictiously named defendants when ascertained.

17. Except as specifically noted herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
**(Against Defendant Romero and the Doe Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

18. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

19. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

20. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

21. Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

22. Plaintiff is entitled to $1,000 in statutory damages against each defendant pursuant to 15 U.S.C. § 1692k. Defendants committed their violations willfully and knowingly, and have frequently and persistently failed to comply with

the FDCPA. The nature of defendants' violations justifies the maximum statutory damages award available.

23. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

24. Plaintiff seeks treble damages and reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

25. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

26. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

27. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

28. The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

5

29. Defendants Recovery Management and the Doe defendants violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. The crimes committed include: (1) Bus. & Prof. Code § 7502.1(a), by violating Bus. & Prof. Code §§ 7507.9 and 7501.10, 7508.2(d), 7502, 7500.2(c), 7506.3, 7506.13; and (2) Penal Code §§ 602(k) and (n).

30. Defendants Recovery Management and the Doe defendants violated Civil Code § 1788.10(b) by threatening that the failure to pay a consumer debt would result in an accusation that plaintiff had committed a crime.

31. Defendants Recovery Management and the Doe defendants violated Civil Code § 1788.10(e) by threatening that nonpayment of a consumer debt might result in the arrest of plaintiff.

32. Defendants Recovery Management and the Doe defendants violated Civil Code § 1788.13(d) by falsely representing that they were vouched for or affiliated with, or were agents of, any federal, state or local government.

33. Defendants Recovery Management and the Doe defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f(6), by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

34. Defendants US Bank and the Doe defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f(1), by attempting to collect a "reinstatement fee" of $75 from plaintiff in the post-repossession notice, when such fee was not expressly authorized by the agreement creating the debt nor permitted by law. The "reinstatement fee" was prohibited by Civil Code § 2983.3(d)(5).

35. Defendants US Bank and the Doe defendants violated Civil Code § 1788.14(b) by attempting to collect a "reinstatement fee" of $75 from plaintiff in the post-repossession notice, when such fee was prohibited by Civil Code § 2983.3(d)(5).

36. Defendants violated Civil Code § 1788.17, incorporating by reference

6

15 U.S.C. § 1692e, by using, false, deceptive, or misleading representations or means in connection with debt collection.

37. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

38. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

39. Plaintiff is entitled to recover his attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

40. Plaintiff seeks treble damages and reasonable attorneys fees and costs against defendant Romero and the Doe defendants, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### (Against All Defendants for Conversion)

41. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

42. Plaintiff was entitled to immediate possession of his vehicle when it was repossessed by defendants. Defendants were not entitled to breach the peace in order to repossess the vehicle, and had no right to repossess at all, due to their failure to be licensed.

43. Defendants wrongfully deprived plaintiff of possession of his vehicle.

44. Defendant US Bank further wrongfully deprived plaintiff of possession of his vehicle, after repossession, by failing to comply with Civil Code §

1  2983.2(a).

45. Plaintiff has suffered and is entitled to recover damages for defendants' conversion.

46. Defendants acted with malice, oppression, and/or fraud towards plaintiff, thereby entitling him to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

47. Plaintiff seeks treble damages and reasonable attorneys fees and costs as to defendant Romero and the Doe defendants, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
**(Against Defendant Recovery Management and the Doe Defendants for Violations of the Collateral Recovery Act)**

48. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

49. Recovery Management's employee who repossessed plaintiff's vehicle was acting as a "repossession agency" within the meaning of Bus. & Prof. Code § 7500.2, in that he engaged in business and/or accepted employment to locate or recover collateral, for consideration. He was prohibited from these activities pursuant to Bus. & Prof. Code § 7502, because he is not licensed in California, nor registered with the BSIS as a repossession employee pursuant to Bus. & Prof. Code § 7506.3.

50. Bus. & Prof. Code § 7502.6(a) provides that any member of the general public may bring an action against an unlicensed repossessor to recover

civil fines of $10,000 and obtain an injunction. Plaintiff is entitled to civil fines of $10,000 against defendants, and also to injunctive relief to prevent future unlicensed activity.

51. Plaintiff seeks treble damages and reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

**FIFTH CAUSE OF ACTION**
**(Against Defendants US Bank and the Doe Defendants for Violations of the Rees-Levering Act, Cal. Civil Code § 2981 et seq.)**

52. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

53. The Rees-Levering Automobiles Sales Finance Act, Civil Code § 2981, *et seq*., regulates automobile sales and financing transactions for motor vehicles purchased primarily for personal or family purposes. The contract entered into by plaintiff and the selling dealership is governed by the provisions of the Rees-Levering Act. Defendant US Bank is a "holder" of said contract as that term is used in the statute.

54. Defendants issued a post-repossession notice to plaintiff, which violated the Rees-Levering Act in the following ways:

(a) in violation of Civil Code § 2983.2(a)(6), it failed to state the seller's or holder's intent to dispose of the motor vehicle upon the expiration of 20 days after mailing of the notice;

(b) in violation of Civil Code § 2983.2(a)(1), it failed to set forth that plaintiff had a right to redeem the motor vehicle by paying in full the indebtedness evidenced by the contract until the expiration of 15 days from the date of mailing the notice;

(c) in violation of Civil Code § 2983.2(a)(2), it failed to set forth that plaintiff had a right to reinstate his contract until the expiration of 15 days from the date of mailing the notice.

55. Defendants thus deprived plaintiff of substantial rights granted to him

under the Rees-Levering Act, including the right to make an informed decision about whether to reinstate or redeem his contract.

56. Since defendants failed to provide plaintiff with all of the information and disclosures to which he was entitled under Civil Code § 2983.2(a) he is not liable, under the explicit terms of §§ 2983.2(a) of the Rees-Levering Act, for any deficiency following the disposition of his vehicle. Nevertheless, without any legal right to do so, defendants have assessed a deficiency balance against plaintiff.

57. As a direct and proximate result of the acts hereinabove alleged, plaintiff has been damaged in an amount to be proven at trial.

58. Plaintiff seeks recovery of his attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

## SIXTH CAUSE OF ACTION
**(Against Defendants US Bank and the Doe Defendants for Violations of the Uniform Commercial Code)**

59. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

60. Defendants violated Commercial Code §§ 9611(b) and 9612 by failing to send to plaintiff a reasonable notification of disposition.

61. Plaintiff is entitled to damages under Commercial Code §§ 9625(b) and (c).

62. Plaintiff is not liable for any deficiency balance, pursuant to Commercial Code § 9626(b)(2)(B).

63. Plaintiff seeks an injunction against any collection of a deficiency balance, including any credit reporting of a deficiency balance on plaintiff's credit reports, pursuant to Commercial Code § 9625(a).

## SEVENTH CAUSE OF ACTION
**(Against Defendant US Bank for Declaratory Relief)**

64. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

65. An actual controversy has arisen between plaintiff and defendant US Bank. Plaintiff contends he does not owe a deficiency balance by operation of law, and US Bank claims plaintiff does owe the money. Accordingly, plaintiff seeks a declaration that he owes no debt to defendant US Bank.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For punitive damages;
4. For treble damages;
5. For injunctive relief;
6. For declaratory relief;
7. For pre-judgment interest to the extent permitted by law;
8. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
9. For such other and further relief as the Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: March 14, 2017

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
Alexander B. Trueblood

Attorneys for Plaintiff
GEORGE W. BAKER